IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>JAMES L. CHEESEMAN,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:   Criminal Action No. 07-124-SLR<br>:<br>:<br>:<br>: |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S
## MOTION TO ADMIT DEFENDANT TO BAIL PENDING SENTENCING

**COMES NOW** the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Keith M. Rosen, Assistant United States Attorney, and respectfully submits the following response to the defendant's motion for bail pending sentencing. For the reasons set forth below, the Court should deny the motion.

**I.  Procedural History**

1. James L. Cheeseman was indicted by a Grand Jury with various offenses including possession of a firearm by an unlawful drug user or addict, in violation of 18 U.S.C. §§ 922(g)(3), 924(a)(2). The defendant is scheduled to plead guilty to this charge on February 21, 2008.

2. The defendant made his initial appearance before Magistrate Judge Thynge on August 15, 2007. At that time, the government moved for the defendant's detention pending trial. (D.I. 5.)

3.      By Order dated August 20, 2007, Judge Thynge denied the government's motion, and directed that the defendant would be released subject to certain conditions. (D.I. 8.) In particular, the defendant was to immediately enter into one month of inpatient drug treatment; upon successful completion of that program, the defendant was to be placed in the custody of his sister, Nancy Macknett. (D.I. 8 at 2.) The defendant further was required to post the deed to his mother's property on Grubb Road, in Wilmington, as bond. Id. The defendant also agreed to have no contact with Marie Henderson, a separately indicted co-defendant. Id.

4.      Following the August 20 detention hearing, the defendant's sister notified the Probation Office that she would not be willing to serve as third-party custodian, nor was the defendant's mother willing to post her property as bond. As a result, on August 23, 2007, the defendant was ordered detained by Judge Thynge.

5.      At no time since has the defendant's family notified the Court that it has reconsidered its position on the bail issues, nor does the defendant's instant motion seek the reimposition of Judge Thynge's conditions of release. Instead, the instant motion simply asks the Court to release the defendant without specifying any conditions.

**II.    Argument**

6.      The standard for release pending sentencing under the Bail Reform Act, 18 U.S.C. § 3143, is more stringent than the pre-trial standard. Under section 3143, a defendant who is pending sentencing generally shall be detained unless the Court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community.

7. In this case the defendant was not initially ordered detained. Applying the pre-trial standard set forth in 18 U.S.C. § 3142, Judge Thynge determined that the defendant could be released if, among other things, he successfully completed a 30-day inpatient rehabilitation program, his sister would serve as third-party custodian, and his mother would post the deed to her home. After the detention hearing, however, neither the defendant's sister nor his mother was willing to comply with these conditions, and, as a result the defendant has remained in custody.

8. This circumstance is telling. The defendant is charged with (and is expected to plead guilty to) being a crack cocaine user in possession of firearms. The risk of flight and potential danger to the community posed by his drug addiction was such that even his close family was unwilling to risk the loss of their property to secure his release. That status has apparently not changed, as the defendant's motion does not claim that the defendant's sister or mother have reconsidered. If that is the case, the Court should not place its trust in the defendant alone. This is particularly the case since the defendant will now be adjudged guilty of an offense that carries an estimated guideline range of 37-46 months imprisonment, which can only serve to increase the likelihood that the defendant will flee.

9. Further, the defendant's conduct while detained suggests that he may not be willing (or capable) of complying with self-regulating conditions of release. Judge Thynge's original release order prohibited the defendant from having contact with Marie Henderson, a separately indicted co-defendant who was arrested with the defendant in possession of crack

cocaine.[1] The undersigned attorney for the government has been advised by the U.S. Probation Office that the defendant has repeatedly attempted to contact Ms. Henderson while incarcerated. While the government recognizes that Judge Thynge's conditions of release are not binding on the defendant while he is detained, the defendant's conduct is in violation of the spirit of that order, and should not give this Court comfort that the defendant would abide by any self-regulating conditions.

10.   As noted above, the bail statute requires the defendant to demonstrate by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community. The defendant's motion fails to set forth an adequate basis upon which the Court could reach this conclusion – particularly absent any representation that he is prepared to satisfy the stringent conditions required for release that were imposed by Judge Thynge.

11.   First, the defendant posits that he has exhibited a "lifetime of stability, reliability, and industriousness." Motion at ¶1. The government does not dispute that the defendant has a history of gainful employment. At the same time, the government proffers that the employees of the defendant's business (X-Ring Supply) at the time of his arrest would testify that the defendant's behavior at the business was erratic and ultimately unreliable, and that a search warrant executed in connection with this case uncovered considerable evidence of cocaine use on

---

[1] Ms. Henderson pled guilty to a misdemeanor drug possession charge, and is scheduled to be sentenced before Judge Thynge on March 13.

the business premises.[2] Indeed, the defendant is expected to admit as part of his guilty plea that he has been addicted to crack cocaine, which undermines any claim to present "stability."

12.   Second, the defendant claims that prior to his incarceration he was experiencing declining health, and contends that the medical treatment required will lessen any flight risk. Motion at ¶2. The defendant's motion does not explain what types of treatments are necessary, and how they would mitigate the risk of flight. At all events, the defendant was purportedly suffering from these conditions prior to his arrest, when he was capable of driving within and outside the State, and capable of obtaining significant quantities of crack cocaine.[3] The government submits that this second factor does not change the detention analysis.

13.   Third, the defendant claims that he has never been a dealer of illegal drugs, nor was he a "chronic abuser" of drugs. The latter point is entirely without merit, as the defendant's guilty plea in this case is predicated upon an admission that he was addicted to crack cocaine during the period of the indictment.[4] Moreover, Count III of the indictment in this case alleges that the defendant knowingly distributed cocaine base on August 5, 2007. If this matter went to trial, the government would be prepared to prove that the defendant distributed approximately 4.2

---

[2] At the detention hearing in this matter, the government offered testimony that investigating agents found in the business, among other things: a used crack pipe, a mirror with cocaine residue, a hidden digital scale with white residue, and a spoon containing the residue of a cutting agent.

[3] At the time of his arrest, the defendant was in possession of approximately 10 grams of crack cocaine and a crack pipe. As a point of reference, the government proffers that a single use of crack cocaine is no more than .1 grams.

[4] The government proffers that the defendant entered into a drug rehab program weeks before his arrest, and after which time he continued to use crack cocaine.

grams of crack cocaine on that date. While the government is not suggesting that the defendant is a drug dealer by trade, his claim that he has "never" been a dealer of illegal drugs is inaccurate.

14.     Fourth, the defendant contends that he has been exposed to dangerous conditions during his incarceration. Motion at ¶4. Exhibit "D" to the defendant's motion catalogs a series of claims concerning an alleged lack of appropriate health care and difficult prison conditions. The government submits that these claims are irrelevant to the question of whether the defendant poses a risk of flight or danger to the community.[5] Even assuming *arguendo* that these contentions are relevant to the § 3143 calculus, the government submits that the defendant has failed to provide the Court with any evidentiary support for his claims, and that the allegations themselves are insufficient to support a finding that the defendant should be released under § 3143.

**WHEREFORE**, for the reasons set forth above, the United States respectfully submits that the defendant has not met his burden under 18 U.S.C. § 3143, and thus his motion for bail should be denied.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: /s/ Keith Rosen
Keith M. Rosen
Assistant United States Attorney

Dated: February 20, 2008

---

[5] Indeed, one could argue that if the defendant suffered through such conditions, he would be more likely to flee in an effort to avoid a return to prison at the time of sentencing.

## CERTIFICATE OF SERVICE

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff : | |
| v. : | Criminal Action No. 07-124-SLR |
| JAMES L. CHEESEMAN, : | |
| Defendant. : | |

I, Sharon Bernardo, an employee of the United States Attorney's Office, hereby certify that on February 20, 2008, I electronically filed the foregoing:

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO ADMIT DEFENDANT TO BAIL PENDING SENTENCING**

with the Clerk of the Court using the CM/ECF which will send notification of such filing and by causing two copies of said document to be hand delivered addressed to counsel fo record as follows and to be telefaxed to:

JOSEPH HURLEY, ESQUIRE
1215 King Street
Wilmington, DE 19801

Telefax: 302-658-8987

/s/ Sharon Bernardo