*Filed in Open Court*

*2/21/08 NFN*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,      :
                               :
            Plaintiff,         :
                               :
      v.                       :      Criminal Action No. 07-124-SLR
                               :
JAMES L. CHEESEMAN,            :
                               :
            Defendant.         :

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Keith M. Rosen, Assistant United States Attorney, and the defendant, James L. Cheeseman, by and through his attorney, Joseph A. Hurley, Esquire, the following agreement is hereby entered into by the respective parties:

1.    The defendant agrees to plead guilty to Count I of the indictment, charging him with possession of firearms and ammunition by an unlawful drug user or addict, 18 U.S.C. §§ 922(g)(3), 924(a)(2), which carries maximum penalties of not more than 10 years of imprisonment, a $250,000 fine, or both, three years of supervised release, and a $100 special assessment. At or about the time of sentencing, the government will move to dismiss the remaining counts of the indictment pending against the defendant.

2.    The defendant understands that if there were a trial, the Government would have to prove three elements of the offense: (1) that from on or about August 5, 2007, through August 14, 2007, the defendant possessed a firearm or ammunition; (2) that the defendant was a regular unlawful user of, or addicted to, a controlled substance during a period of time proximate to or

contemporaneous with the possession of the firearm or ammunition; and (3) the above-described firearm or ammunition affected interstate commerce.

3.    The defendant knowingly, voluntarily, and intelligently admits for purposes of his guilty plea and sentencing that, from on or about August 5, 2007, through August 14, 2007: (a) he actually and constructively possessed the firearms and ammunition set forth in Count I of the indictment; (b) he was a regular unlawful user of, and addicted to, cocaine base; and (c) the firearms and ammunition at issue affected interstate commerce.

4.    The defendant agrees to pay the $100 special assessment at the time of sentencing.

5.    Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, the Government will not oppose a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility.  Further, if the Court determines that the defendant's offense level, prior to the application of the aforementioned two-point reduction, is 16 or greater, the Government will move for an additional one-point reduction pursuant to U.S.S.G. § 3E1.1(b).

6.    The United States explicitly retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the sentencing court upon appeal.

7.    The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence.  At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence within the sentencing range set forth by the sentencing guidelines.  The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing

judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

8.    It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

By: _____

_____
Joseph A. Hurley, Esquire
Attorney for Defendant

Keith M. Rosen
Assistant United States Attorney

_____
James L. Cheeseman
Defendant

Dated:

**AND NOW**, this __21st__ day of __February_____, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted)/(rejected) by this Court.

_____
HONORABLE SUE L. ROBINSON
United States District Court Judge

3